UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-1757 |
| ANTHONY J. NICOLAUS, ) | Chapter 7 |
| ) | Judge Thad J. Collins |
| Debtor. ) | |
| _____ ) | |

### UNITED STATES' MOTION TO SET ASIDE OR VACATE THE ORDER SUSTAINING DEBTOR'S OBJECTION TO IRS PROOF OF CLAIM NO. 2

Pursuant to Fed. R. Civ. P. 60(b)(4), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9024, the United States respectfully moves the Court to set aside or vacate the Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2 (Dkt. 97) entered on March 17, 2017.[1] The order is void because the debtor, Anthony J. Nicolaus, failed to serve the objection to claim or any notices on the United States. Accordingly, the Court lacked personal jurisdiction over the United States for lack of service of process. The Court should set aside or vacate the order sustaining the objection to claim, require service of the objection to claim, and set a discovery schedule to resolve the objection to claim.

### STATEMENT OF FACTS

1. On February 11, 2016, the Internal Revenue Service ("IRS") filed a proof of claim in the above-captioned bankruptcy case listing a secured claim of $25,410.00, an unsecured priority claim of $67,453.89, and an unsecured general claim of $14.00. (Ex. A, IRS Proof of Claim 2-1.)

---

[1] As stated below in paragraph 21 of the statement of facts, the Court is requested to take judicial notice of the filings in this Court pursuant to Fed. R. Evid. 201(c)(2). *See In re Indian Palms Assocs., Ltd.*, 61 F.3d 197, 205–06 (3d Cir. 1995); *see also In re Agriprocessors, Inc.*, 2013 WL 5726577, at *3 (Bankr. N.D. Iowa Oct. 21, 2013) (Collins, J.) (observing that the court may take judicial notice of its own records); *In re Barnes*, 2009 WL 6398401, at *1 (Bankr. N.D. Iowa Nov. 4, 2009) (taking judicial notice of the filings in the bankruptcy case).

2. On January 26, 2017, the debtor, Anthony J. Nicolaus, filed an Objection to IRS Proof of Claim No. 2. (Ex. B, Objection to IRS Proof of Claim No. 2, Dkt. 91.)

3. The certificate of service attached to the objection to claim stated that the objection to claim was "served electronically on those participants that receive service through the CM/ECF System." (*Id.* at 4.)

4. Neither the IRS, the United States Attorney for the Northern District of Iowa, nor the Attorney General of the United States received the objection to claim through the CM/ECF System. (Ex. C, Notice of Electronic Filing for Dkt. 91.)

5. The certificate of service attached to the objection to claim also stated that the objection to claim was "sent to persons or representatives via electronic mail or U.S. Mail postage pre-paid as set forth below," but there are no persons or representatives listed on the certificate of service. (Ex. B, at 4.)

6. The certificate of service attached to the objection to claim does not state that the objection to claim was mailed to the United States Attorney for the Northern District of Iowa. (*Id.*)

7. The certificate of service attached to the objection to claim does not state that the objection to claim was mailed to the Attorney General of the United States in Washington, D.C. (*Id.*)

8. The next day, on January 27, 2017, Nicolaus filed a Notice of Objection to Proof of Claim No. 2 and Deadline for Response (the "First Notice"), which set a deadline of February 21, 2017, to respond to the claim objection described above in paragraph 2. (Ex. D, Notice of Objection to Proof of Claim No. 2 and Deadline for Response, Dkt. 93, at 1.)

9. The certificate of service attached to the First Notice stated that the First Notice was "served electronically on those participants that receive service through the CM/ECF System." (*Id.* at 2.)

10. Neither the IRS, the United States Attorney for the Northern District of Iowa, nor the Attorney General of the United States received the First Notice through the CM/ECF System. (Ex. E, Notice of Electronic Filing for Dkt. 93.)

11. The certificate of service attached to the First Notice also stated that the First Notice was sent via electronic mail or U.S. Mail postage pre-paid to (1) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346, and (2) Internal Revenue Service, Attn: Mary Jo Rachford, 425 Second Street Southeast Suite 500, Cedar Rapids, IA 52401. (Ex. D, at 2.)

12. The certificate of service attached to the First Notice does not state that the First Notice was mailed to the United States Attorney for the Northern District of Iowa. (*Id.*)

13. The certificate of service attached to the First Notice does not state that the First Notice was mailed to the Attorney General of the United States in Washington, D.C. (*Id.*)

14. On February 22, 2017, Nicolaus filed a Notice of Objection to Proof of Claim No. 2 and Deadline for Response (the "Second Notice"), which set a deadline of March 15, 2017, to respond to the claim objection described above in paragraph 2. (Ex. F, Notice of Objection to Proof of Claim No. 2 and Deadline for Response, Dkt. 96, at 1.)

15. The certificate of service attached to the Second Notice stated that the Second Notice was "served electronically on those participants that receive service through the CM/ECF System." (*Id.* at 2.)

16.     Neither the IRS, the United States Attorney for the Northern District of Iowa, nor the Attorney General of the United States received the Second Notice through the CM/ECF System.  (Ex. G, Notice of Electronic Filing for Dkt. 96.)

17.     The certificate of service attached to the Second Notice also stated that the Second Notice was sent via electronic mail or U.S. Mail postage pre-paid to (1) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346, and (2) Internal Revenue Service, Attn: Mary Jo Rachford, 425 Second Street Southeast Suite 500, Cedar Rapids, IA 52401.  (Ex. F, at 2.)

18.     The certificate of service attached to the Second Notice does not state that the Second Notice was mailed to the United States Attorney for the Northern District of Iowa.  (*Id.*)

19.     The certificate of service attached to the Second Notice does not state that the Second Notice was mailed to the Attorney General of the United States in Washington, D.C. (*Id.*)

20.     On March 17, 2017, the Court issued an Order sustaining the debtor's objection to claim based, in part, on the fact that "no response or resistance ha[d] been made to the Objection to date."  (Ex. H, Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2, Dkt. 97.)

21.     The United States requests that the Court take judicial notice of the filings in this Court pursuant to Fed. R. Evid. 201(c), including, but not limited to, the following documents:

   a. the IRS's Proof of Claim 2-1 (Ex. A);

   b. Objection to IRS Proof of Claim No. 2, Dkt. 91 (Ex. B);

   c. Notice of Electronic Filing for Dkt. 91 (Ex. C);

   d. Notice of Objection to Proof of Claim No. 2 and Deadline for Response, Dkt. 93 (Ex. D);

  e. Notice of Electronic Filing for Dkt. 93 (Ex. E);

  f. Notice of Objection to Proof of Claim No. 2 and Deadline for Response, Dkt. 96 (Ex. F);

  g. Notice of Electronic Filing for Dkt. 96 (Ex. G); and

  h. Order sustaining the objection to claim, Dkt. 97 (Ex. H).

## ARGUMENT

**I. Nicolaus failed to serve the objection to claim and the notice.**

Rule 3007 of the Federal Rules of Bankruptcy Procedure was recently amended, effective December 1, 2017, to specify the method of service for claim objections. Fed. R. Bankr. P. 3007. The current rule states that if a debtor objects to a claim of the United States or any of its agencies, then he must serve the claim objection and a notice in the manner provided for service under Fed. R. Bankr. P. 7004(b)(4) and (5). Fed. R. Bankr. P. 3007(a)(2)(i). This amendment codified the rule most courts adopted prior to December 1, 2017—i.e., at the time the debtor objected to the IRS's proof of claim in this case—in which debtors were required to serve objections to IRS claims on the United States in accordance with Rule 7004. *See United States v. Sousa* (*In re Sousa*), 2001 WL 933595, at *1 (B.A.P. 1st Cir. July 19, 2001); *United States v. Levoy* (*In re Levoy*), 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995); *United States v. Filipovits*, 1996 WL 627412, at *2 (D. Md. Aug. 27, 1996); *United States v. Hernandez* (*In re Hernandez*), 173 B.R. 430, 431–32 (N.D. Ala. 1994); *United States v. Oxylance Corp.*, 115 B.R. 380, 380–81 (N.D. Ga. 1990); *In re Morrell*, 69 B.R. 147, 149–50 (N.D. Cal. 1986); *United States v. Simms* (*In re Simms*), 33 B.R. 792, 792–93 (N.D. Ga. 1983); *In re Archer*, 1993 WL 13004985, at *1 (Bankr. S.D. Ga. Sept. 30, 1993); *In re Schweitzer*, 145 B.R. 292, 292–93 (Bankr. E.D. Ark.

1992); *In re Stallings*, 118 B.R. 387, 388 n.1 (Bankr. D.S.C. 1989). *But see In re Hensley*, 356 B.R. 68, 78–79 (Bankr. D. Kan. 2006).

In requiring Rule 7004 service on the United States, courts reasoned that (i) claim objections were contested matters, (ii) contested matters were governed by Rule 9014, and (iii) Rule 9014(b) mandated service in accordance with Rule 7004. *See, e.g.*, *In re Schweitzer*, 145 B.R. at 292–93. This approach was consistent with the Advisory Committee Notes to Rule 3007, which stated that "[t]he contested matter initiated by an objection to a claim is governed by rule 9014." Fed. R. Bankr. P. 3007, Advisory Committee Notes; *see also In re Levoy*, 182 B.R. 834; *Oxylance Corp.*, 115 B.R. at 380–81. Indeed, many courts adopted this procedure for all claim objections. *See, e.g.*, *In re Gordon*, 2013 WL 1163773, at *2 (Bankr. D. Nev. Mar. 20, 2013) ("The Advisory Committee Notes to Rules 9014 and 3007 make it clear that the filing of a claim objection initiates a contested matter; thus Rule 9014(b) requires service in accordance with Rule 7004."). *But see In re Wilkinson*, 457 B.R. 530, 546 (Bankr. W.D. Tex. 2011).

At a more fundamental level, requiring service of objections to IRS claims on the United States makes sense because the IRS has no capacity to sue or be sued. *See Oxylance Corp.*, 115 B.R. at 381 (citing *Blackmar v. Guerre*, 342 U.S. 512, 514 (1952)). The proper party in any adversary proceeding or contested matter involving the IRS is the United States. *See, e.g.*, *In re Laughlin*, 210 B.R. 659, 660 (B.A.P. 1st Cir. 1997). Accordingly, delivering a copy of a claim objection to the IRS is insufficient. Instead, this well-established principle requires service of objections to IRS claims on the United States. *See Filipovits*, 1996 WL 627412, at *2; *Oxylance Corp.*, 115 B.R. at 381; *In re Morrell*, 69 B.R. at 149–50.

Under either analysis—i.e., the current version of Rule 3007 or the procedure governed by Rule 9014(b)—a party objecting to an IRS claim must serve the objection and a notice in

6

accordance with Rule 7004. Rule 7004(b)(4) governs service on the United States, and Rule 7004(b)(5) governs service on any agency of the United States. Although we maintain that the United States is the proper party to any claim objection involving the IRS, Rule 7004(b)(4) and (5) both mandate that a party must mail the claim objection and a notice by first class mail to (a) the civil process clerk at the office of the United States Attorney for the district in which the action is brought, and (b) the Attorney General of the United States in Washington, D.C.[2] Nicolaus failed both of these requirements.

The certificates of service attached to the claim objection, the First Notice, and the Second Notice show that Nicolaus primarily relied upon the CM/ECF system to electronically serve the documents.[3] (Statement of Facts ¶¶ 3, 9, 15.) Nicolaus did not, however, mail a copy of the documents by first class mail to (a) the United States Attorney for the Northern District of Iowa, and (b) the Attorney General of the United States. (*Id.* ¶¶ 6–7, 12–13, 18–19.) *See In re Schweitzer*, 145 B.R. 292, 292–93 (Bankr. E.D. Ark. 1992) (concluding based on a certificate of service that the debtor failed to serve the United States despite serving the IRS and the United States Attorney). Accordingly, Nicolaus did not serve the United States with any of the relevant

---

[2] Rule 7004 also incorporates Fed. R. Civ. P. 4, which provides a similar service of process requirement as 7004(b)(4) and (5). *See* Fed. R. Civ. P. 4(i). Both rules mandate the physical mailing of relevant documents to the United States Attorney and the Attorney General, although the civil procedure rule requires registered or certified mail and the bankruptcy rule allows first class mail. *Compare* Fed. R. Civ. P. 4(i), *with* Fed. R. Bankr. P. 7004(b)(4) & (5). For purposes of this motion, we refer to only Rule 7004(b)(4) and (5) as the relevant provisions for service, but the same analysis applies under Fed. R. Civ. P. 4.

[3] The Notices of Electronic Filing for each document show that neither the IRS, the United States Attorney, nor the United States Attorney General received the claim objection, the First Notice, and the Second Notice through the CM/ECF system. (Statement of Facts ¶¶ 4, 10, 16.) Although this is irrelevant for purposes of determining whether Nicolaus served the United States by mailing copies of the documents in accordance with Rule 7004, Nicolaus's flawed reliance on the CM/ECF system did not even accomplish electronic notice.

7

filings.  While Nicolaus may have mailed copies of the First Notice and Second Notice to two IRS addresses (Statement of Facts ¶¶ 11, 17), those mailings do not cure his failure to serve the United States.[4]  *See, e.g.*, *Scott v. United States* (*In re Scott*), 437 B.R. 376, 379–80 (B.A.P. 9th Cir. 2010); *In re Sousa*, 2001 WL 933595, at *1–2; *In re Laughlin*, 210 B.R. at 661; *Filipovits*, 1996 WL 627412, at *2; *Oxylance Corp.*, 115 B.R. at 381; *In re Morrell*, 69 B.R. at 149–50. Nicolaus did not serve his claim objection and notices in accordance with Rule 7004 as required by the Bankruptcy Rules.

## II. The Court lacked jurisdiction to bind the United States to its order sustaining the objection to claim, and the order is void.

Because Nicolaus failed to serve the United States with the claim objection or notices, the Court's order sustaining the objection is void as to the United States.  An order is void under Fed. R. Bankr. P. 60(b)(4), made applicable to bankruptcy cases through Fed. R. Bankr. P. 9024, if it was entered without personal jurisdiction over a party for lack of service of process.  *See Baldwin v. Credit Based Asset Servicing & Securitization*, 516 F.3d 734, 737 (8th Cir. 2008) ("A judgment is void if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process."); *In re Gambill*, 477 B.R. 753, 761 (Bankr. E.D. Ark. 2012) ("Fed R. Civ. P. 60(b)(4) authorizes the Court to set aside a judgment . . . entered without personal jurisdiction over the defendant for lack of service of process."); *see also Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court

---

[4] Notably, even if Nicolaus were only required to deliver the objection to claim to the IRS—which is not the procedure as explained above—the certificate of service attached to the objection to claim shows that he failed to do so.  The certificate of service does not demonstrate that Nicolaus sent the claim objection by U.S. mail to any individuals or entities. (Statement of Facts ¶ 5.)  Instead, Nicolaus relied solely on the CM/ECF system.  (*Id.* ¶ 3.)  And neither the IRS, the United States Attorney, nor the United States Attorney General received an electronic copy of the objection to claim through the CM/ECF system.  (*Id.* ¶ 4.)

8

lacks jurisdiction over the defendant."). A court must set aside or vacate any order as void where it purports to bind a party who was not served. *See Baldwin*, 516 F.3d at 737 ("[R]elief from a void judgment pursuant to Rule 60(b)(4) is not discretionary." (alteration in original) (quoting *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004))); *see also In re Rice*, 42 B.R. 838, 842 (Bankr. D.S.D. 1984) ("Motions that allege that a judgment or order is void, however, if substantiated, are not discretionary but mandatory.").

In similar circumstances, courts have vacated orders sustaining objections to IRS claims where a party fails to mail the claim objection to the United States Attorney and the United States Attorney General in accordance with Fed. R. Bankr. P. 7004. *See In re Sousa*, 2001 WL 933595, at *1 (reversing a bankruptcy court's refusal to vacate an order sustaining the debtor's claim objection for failing to serve the United States); *In re Hernandez*, 173 B.R. at 431–32 (same); *Oxylance Corp.*, 115 B.R. at 380–81; *In re Morrell*, 69 B.R. at 149–50 (same); *In re Simms*, 33 B.R. at 792–93 (same). "The requirement of service upon the Attorney General and the United States Attorney is not a technical exercise or a nuisance to be inflicted upon the private bar in bankruptcy litigation," but rather, it ensures that notice of litigation in which the United States is a party is directed to the department charged with supervising such litigation. *In re Morrell*, 69 B.R. at 149. Strict compliance is required. *See In re Schweitzer*, 145 B.R. 292, 292–93 (Bankr. E.D. Ark. 1992) (concluding that a debtor failed to serve the United States despite serving the IRS and the United States Attorney because the debtor did not also serve the Attorney General). Indeed, outside of the claim objection context, courts routinely vacate orders that were obtained by parties who failed to serve the United States. *See In re Scott*, 437 B.R. at 379–80; *In re Laughlin*, 210 B.R. at 660; *In re Sullivan*, 2013 WL 587323, at *2 (Bankr. D.N.J. Feb. 14, 2013); *Bendis v. United States* (*In re Bendis*), 2009 WL 928658, at *1–2 (Bankr. N.D.

Ill. Apr. 6, 2009); *In re Whelan*, 213 B.R. 310, 313–14 (Bankr. W.D. La. 1997); *Walker v. Internal Revenue Serv.* (*In re Walker*), 2003 WL 22474836, at *2–3 (Bankr. D. Ariz. Sept. 26, 2003); *In re Ochab*, 271 B.R. 673, 676 (Bankr. S.D. Ala. 1999); *In re J.B. Winchells, Inc.*, 106 B.R. 384, 394 (Bankr. E.D. Pa. 1989).

Here, as shown above, the certificates of service attached to the claim objection, the First Notice, and the Second Notice demonstrate that Nicolaus failed to serve the United States. This failure denied the United States an opportunity to respond to the debtor's objection. Accordingly, the Court lacked personal jurisdiction to bind the United States to its order sustaining the claim objection. Thus, that order is void, and the Court should set it aside or vacate it pursuant to Fed. R. Civ. P. 60(b)(4).

## CONCLUSION

Nicolaus did not serve his claim objection and the relevant notices on the United States. The applicable rules for service—whether mandated by the current version of Rule 3007(a) or the Rule 9014(b) procedure—required Nicolaus to comply with Rule 7004(b)(4) and mail the documents by first class mail to the United States Attorney for the Northern District of Iowa and the United States Attorney General. Nicolaus failed both requirements. His failure to serve the United States prevented this Court from obtaining personal jurisdiction over the United States. Consequently, the Court's order sustaining Nicolaus' objection to claim is void as to the United States. The United States respectfully requests that the Court set aside or vacate the order sustaining Nicolaus's objection to the IRS's claim, require service of the objection to claim, and set a discovery schedule for the parties to litigate the merits of the contested matter.

Dated: December 21, 2017  Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Casey S. Smith*
CASEY S. SMITH
Connecticut Bar #: 436378
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 7238
Washington, D.C.  20044
202-307-0715 (v)
202-514-6770 (f)
Casey.S.Smith@usdoj.gov

Of Counsel:

PETER E. DEEGAN, JR.
United States Attorney