IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Chapter 7 |
| ANTHONY J. NICOLAUS, | ) | |
| | ) | Bankruptcy No. 15-01757 |
| Debtor. | ) | |

## RULING ON MOTION TO VACATE

This matter came before the Court at a telephonic hearing on January 29, 2018.  Abram Carls appeared for Debtor Anthony Nicolaus ("Debtor").  Casey Smith appeared for the United States of America ("United States") on behalf of the Internal Revenue Service ("IRS").  The Court heard argument and took the matter under advisement on the papers submitted.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

## STATEMENT OF THE CASE

The IRS filed a proof of claim.  Debtor objected to the claim and sent notice of the objection to two addressed listed for the IRS.  The IRS did not respond to Debtor's objection to the claim and the Court entered an order sustaining Debtor's objection.  The United States now moves to vacate that order.  The United States argues that Debtor did not properly serve his claim objection under Bankruptcy Rule 7004.  The United States argues that Rule 7004 requires that any notice of litigation against the IRS must be served on the United States—by service on the United States Attorney for the Northern District of Iowa and the United States'

Attorney General in Washington, D.C.  Debtor argues that he complied with Rule 3007 in serving the IRS at the address listed on its claim and that that is sufficient notice.  The Court agrees with the United States and vacates the order.

## BACKGROUND AND ARGUMENTS

On February 11, 2016, the IRS filed a proof of claim listing a total of $92,877.89 in secured and unsecured claims.  On January 26, 2017, Debtor filed an objection to the IRS proof of claim.  Debtor filed notice of his objection with the Court on January 27, 2017 and mailed a copy of the notice to the IRS at the below addresses:

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Attn: Mary Jo Rachford
425 Second Street Southeast Ste. 500
Cedar Rapids, IA 52401

Debtor filed a second notice with the Court on February 22, 2017 and again mailed this notice, this time with a copy of his objection, to these same addresses. No one representing the IRS filed a response to Debtor's objection.  On March 17, 2017, the Court issued an order sustaining Debtor's objection.

On December 21, 2017, the United States filed a Motion to Vacate the Court's March 17, 2017 order.  The United States argues that the Court must vacate the order because the Court did not have jurisdiction to enter the order.  The United States contends that the Court lacked jurisdiction because Debtor did not properly serve his objection on the United States.

2

Debtor resists the Motion to Vacate.  Debtor argues that the notice he sent to the IRS was sufficient service.  Debtor argues that, even if this service was technically deficient, the Court still had jurisdiction because the IRS filed a claim.  Debtor argues that due process is satisfied because the IRS had actual notice.

After the hearing on this matter, Debtor filed a Motion to Reopen Record and Allow Discovery.  In that Motion, Debtor argues that the Court took the matter under advisement prematurely.  Debtor argues that Court needs to receive evidence on what notice the IRS received in order to address properly the issues presented here.  Debtor argues that discovery is necessary to develop the factual record on these issues.

## CONCLUSIONS OF LAW AND ANALYSIS

The United States has moved to set aside or vacate the Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2 under Federal Rule of Civil Procedure 60(b)(4).  That rule provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void . . . ."  Fed. R. Civ. P. 60(b).  This rule is incorporated into the Bankruptcy Rules by Rule 9024.  The United States argues that the Court's order sustaining Debtor's objection to claim is void because Debtor failed to serve his objection on the United States.

3

Federal Rule of Bankruptcy Procedure 3007 sets out the procedure for

noticing an objection to claim.  The version of Rule 3007 in effect at the time

relevant to this dispute was as follows:

> An objection to the allowance of a claim shall be in writing and filed.
> A copy of the objection with notice of the hearing thereon shall be
> mailed or otherwise delivered to the claimant, the debtor or debtor in
> possession, and the trustee at least 30 days prior to the hearing.

Fed. R. Bankr. P. 3007(a) (2007).  This Rule was amended effective December 1,

2017.  It now says:

> The objection [to claim] and notice shall be served on a claimant by
> first-class mail to the person most recently designated on the claimant's
> original or amended proof of claim as the person to receive notices, at
> the address so indicated; and
> (i) if the objection is to a claim of the United States, or any of its officers
> or agencies, in the manner provided for service of a summons and
> complaint by Rule 7004(b)(4) or (5) . . . .

Fed. R. Bankr. P. 3007(a)(2) (2017).  Subsection (i) was added to clarify how the

United States must be served.  The Rule is now clear that, when serving the United

States with an objection to claim, the objector must comply with Federal Rule of

Bankruptcy Procedure 7004(b)(4), which says service may be made:

> Upon the United States, by mailing a copy of the summons and
> complaint addressed to the civil process clerk at the office of the United
> States attorney for the district in which the action is brought and by
> mailing a copy of the summons and complaint to the Attorney General
> of the United States at Washington, District of Columbia . . . .

Fed. R. Bankr. P. 7004(b)(4).

4

This case is complicated by the fact that the old version of Rule 3007 was in effect at all relevant times. That version of Rule 3007 did not expressly state that Debtor needed to comply with Rule 7004 and serve the United States and its attorneys. It is undisputed that Debtor did not comply with Rule 7004 in this case.

Thus, the threshold issue here is whether the previous version of Rule 3007 required Debtor to comply with Rule 7004 and serve the United States Attorney in the Northern District of Iowa and the Attorney General in Washington D.C. The United States argues that Debtor's service was not proper under Rule 3007 because Debtor did not also comply with Rule 7004. Debtor argues that he did not need to comply with Rule 7004. Debtor argues that the notice he sent to the IRS was sufficient under Rule 3007.

There is a split in the case law on this issue. In re Wilkinson, 457 B.R. 530, 547 (Bankr. W.D. Tex. 2011) ("There is no consensus in the case law regarding whether service of a claim objection must comply with Rule 7004 or whether compliance with Rule 3007 suffices."). There is no controlling case law in this circuit addressing this issue.

The majority of courts that have addressed this issue have held that, under the old version of Rule 3007, "proper service of the objections to the IRS claims require[s] service by first class mail postage prepaid upon the United States Attorney for [the district] and the Attorney General of the United States at

5

Washington, D.C." In re Morrell, 69 B.R. 147, 149 (N.D. Cal. 1986); see also

United States v. Sousa (In re Sousa), 2001 WL 933595 (B.A.P. 1st Cir. July 19,

2001); United States v. Levoy (In re Levoy), 182 B.R. 827 (B.A.P. 9th Cir. 1995);

United States v. Filipovits, 1996 WL 627412 (D. Md. Aug. 27, 1996); United

States v. Hernandez (In re Hernandez), 173 B.R. 430 (N.D. Ala. 1994); In re

Schweitzer, 145 B.R. 292 (Bankr. E.D. Ark. 1992); United States v. Oxylance

Corp., 115 B.R. 380, 381 (N.D. Ga. 1990).

These courts reason that an objection to a claim is a "contested matter." In

re Levoy, 182 B.R. at 834 (citing 8 Collier on Bankruptcy, § 3007.03[1] at 3007–3

(15th ed. 1994)) ("Most authorities agree that claim objections are contested

matters.").  "[A] contested matter under Federal Rule of Bankruptcy Procedure

9014 is a motion procedure susceptible of more expeditious resolution than an

adversary proceeding."  In re Van Ness, 399 B.R. 897, 904 (Bankr. E.D. Cal.

2009).  Rule 9014 governs "contested matters."  Id.  It states: "In a contested

matter not otherwise governed by these rules, relief shall be requested by motion . .

. . The motion shall be served in the manner provided for service of a summons and

complaint by Rule 7004 . . . ."  Fed. R. Bankr. P. 9014.

These courts reason that, "because objections to claims are contested matters

. . . Bankruptcy Rule 3007 must be read in conjunction with Bankruptcy Rule

9014," and they conclude that service under Rule 7004 is required for objections to

6

claims. <u>Oxylance Corp.</u>, 115 B.R. at 380–81; <u>In re Schweitzer</u>, 145 B.R. 292.

These courts also point out that the advisory committee's note to old Rule 3007

expressly states: "The contested matter initiated by an objection to a claim is

governed by rule 9014 . . . ." Fed. R. Bankr. P 3007 advisory committee's note.

<u>See, e.g.</u>, <u>Oxylance Corp.</u>, 115 B.R. at 381; <u>In re Levoy</u>, 182 B.R. at 834.

Some more recent cases have criticized these rulings—summarized by one

court as follows:

> Some courts have held that Bankruptcy Rule 9014 requires notice of a claim objection be served in accord with Bankruptcy Rule 7004. Generally these opinions involve no analysis, and often the claimant is the United States or an agency. Perhaps the most interesting case . . . is <u>In re Hawthorne</u>. It held that mailing a notice to the creditor, other than the United States, at the address on the proof of claim is sufficient. The court's analysis was thorough and well reasoned. It concluded that generally the service requirements of Bankruptcy Rule 7004 do not apply to claims litigation because an objection to claim is initiated by a notice, not a motion, and Bankruptcy Rule 9014 addresses service of a motion. Also, Bankruptcy Rule 3007, the rule governing the objection, sets forth its own manner of service, thereby invoking the "not otherwise governed by these rules" phrase of Bankruptcy Rule 9014(b). Bankruptcy Rule 3007, as the specific rule dealing with objection to claims, was held to control service of such an objection. The court found that the "nature of the claims process shows that service under Rule 7004 was not intended" and that requiring service under Rule 7004 "would subject the estate to considerable uncertainty and expense in contrast to permitting notice under Rule 3007 to suffice." It therefore held that service upon the creditor before the court, a private entity, under Rule 3007 was sufficient.

<u>In re Hensley</u>, 356 B.R. 68, 78–79 (Bankr. D. Kan. 2006) (footnotes omitted)

(citing <u>In re Hawthorne</u>, 326 B.R. 1 (Bankr. D.D.C. 2005)).

The <u>Hensley</u> Court relied on <u>Hawthorne</u> and held that:

> A claim objection is governed by Bankruptcy Rule 3007, which includes its own notice provision.  Bankruptcy Rule 9014 requires service of motions initiating contested matters in the manner of Bankruptcy Rule 7004, but a claim objection is not initiated by motion. The Court finds the cases holding that notice of a claim objection is sufficient if it complies with Bankruptcy Rule 3007 is the better rule.

<u>In re Hensley</u>, 356 B.R. at 79; <u>see also</u> <u>In re Anderson</u>, 330 B.R. 180, 186 (Bankr. S.D. Tex. 2003) ("The better analysis leads to the conclusion that mailing as required by Rule 3007 constitutes sufficient and proper service, and that service under Rule 7004 is not required.").  <u>In re Cagle</u> also noted this "split of authority . . . as to whether service of the notice must be made in accordance with Rule 9014" and concluded: "The reasoning of <u>In re Hawthorne</u> . . . is more persuasive."  2008 WL 7874772, at *3–4 (Bankr. N.D. Ga. June 2, 2008).

The most recent cases to address this split of authority, however, have rejected this reasoning and outlined a broader service requirement like the one the United States argues for here:

> Rule 9014(b) provides the manner in which service of the objection to claim should be made, while Rule 3007(a) supplements that provision by providing more specific information about who should receive notice of the hearing and when.  Rule 3007 is not a substitute for service of the objection to claim.  The fact that a claim objection is initiated by an objection rather than a motion does not remove the matter from the service requirements of Rule 9014(b).

<u>Monk v. LSI Title Co.</u> (<u>In re Monk</u>), 2013 WL 4051864, at *3 (Bankr. D. Or. Aug. 9, 2013).  Likewise, <u>In re Gordon</u>, 2013 WL 1163773, at *3 (Bankr. D. Nev. Mar.

20, 2013), rejects the reasoning set out in the <u>Hawthorne</u> line of cases—finding

that those cases conflate "notice" and "service." <u>Id.</u> at *4.  The Court said:

> Notice and service apply in situations that are fundamentally different.
> Notice is generally governed by Rule 2002 in circumstances regarding
> the general administration of a case and creditors generally.  However,
> when a particular creditor's rights are at issue in the bankruptcy case,
> the bankruptcy rules require a more rigorous type of notice.  In that
> circumstance, a party is entitled to service.

<u>Id.</u>  In addressing these issues in detail, the Court in <u>Gordon</u> reasoned:

> Rules 3007, 9014, and 7004—the interrelated mechanisms for notice
> and service under the Bankruptcy Rules—are a coherent scheme of the
> procedural due process safeguards which must be afforded for claims
> objections; one rule does not replace, or "defer," to the other.  Rule
> 3007 and Rule 9014(a) both govern the writing that must be filed and
> notice of it.  They operate in harmony, with Rule 3007 being the more
> specific rule that supplements Rule 9014(a).
>
> Where Rule 9014(a) says that "reasonable notice and opportunity for
> hearing shall be afforded," Rule 3007 explains what is "reasonable"—
> that "a copy of the objection with notice of the hearing thereon" must
> be mailed with at least 30 days' notice.  And where Rule 9014(a) says
> that notice must be given to "the party against whom relief is sought,"
> Rule 3007 fills this out by explaining that it's the claimant, the debtor
> or the debtor in possession, and the trustee who get the notice.
>
> Rule 3007 is not a substitute for service of the objection to claim that is
> required by Rules 9014(b) and 7004.  The fact that a claim objection is
> initiated by filing an objection, rather than a motion, does not render
> void the service requirement of Rule 9014(b).

<u>Id.</u> at *3 (paragraph breaks added).  <u>Gordon</u> concluded that although "debtor gave

notice to Bank of America at the address listed on the proof of claim . . . [debtor]

did not serve the objection as required by Rule 9014(b) and Rule 7004(h)." <u>Id.</u> at

*4; see also Boykin v. Marriot Int'l, Inc. (In re Boykin), 246 B.R. 825, 829 (Bankr.

E.D. Va. 2000) ("When the rights of specific parties involved in a bankruptcy case

become an issue, for example, an objection to a proof of claim . . . service of the

initiating motion or objection on the affected party is required.  In this case, the

debtor gave good notice to Marriott at the address listed on the proof of claim . . .

but did not serve the objection as required by Rules 9014 and 7004.").

        This Court finds that the greater weight of authority, and the more

persuasive authority, supports the United States' position.  Under even the older

version of Rule 3007, a debtor was required to make service in accordance with

Rule 9014 and Rule 7004.   In particular, the Court finds the reasoning set out in In

re Monk, 2013 WL 4051864, and In re Gordon, 2013 WL 1163773, about the

difference between notice and service to be persuasive.  Although it is clear that

Debtor sent basic "notice" to the IRS, he did not serve the United States in the

manner required by Rule 9014 and Rule 7004.

        The Court finds the advisory committee's note to Rule 3007 particularly

persuasive here.  It expressly states: "The contested matter initiated by an objection

to a claim is governed by rule 9014."  Fed. R. Bankr. P. 3007 advisory committee's

note.  Advisory committee's notes do not always control rule interpretation.  Bear

Republic Brewing Co. v. Cent. City Brewing Co., 275 F.R.D. 43, 48 (D. Mass.

2011) ("The Advisory Committee Note is not the law, the rule is.").  However,

here the Court finds the older version of Rule 3007 to be less than clear.  This is particularly true in light of the split in the case law interpreting it.  The Court thus finds the advisory committee's note to be useful and persuasive authority.

Here, it is undisputed that Debtor did not serve the United States Attorney in this district or the United States Attorney General in Washington, D.C.  As a result, Debtor did not properly serve his objection to claim on the United States as required by Rule 9014 and Rule 7004.

Debtor argues that, even if service was technically deficient for failure to comply with Rule 7004, the Court still had jurisdiction to enter the order.  Debtor cites United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010), for the proposition that the United States submitted itself to this Court's jurisdiction when it filed its claim and that it received adequate notice through Debtor's mailing under Rule 3007.  Debtor argues that the order has no jurisdictional defects. Debtor concludes that, at most, the Court should engage in a factual due process analysis and determine whether the United States had actual notice.

Debtor's reliance on Espinosa is misplaced: "Espinosa stands for the limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution—even if the plan violates the Bankruptcy Code in some particulars."  United States v. Monahan (In re

11

Monahan), 497 B.R. 642, 651 (B.A.P. 1st Cir. 2013) (internal quotation marks

omitted) (citations omitted).  Debtor's argument that Espinosa reaches further, to

validate orders entered in violation of jurisdiction defects, is incorrect.  See

Zokaites Props., LP v. La Mesa Racing, LLC, 2012 WL 6015818, at *3 (W.D. Pa.

Dec. 3, 2012) (distinguishing Espinosa on the basis that the judgment in this case

was void because of a jurisdictional defect).

    "Generally speaking, the service of process prerequisite to personal

jurisdiction applies in contested matters the same as it does in adversary

proceedings."  Sherrie Keys v. 701 Mariposa Project, LLC (In re 701 Mariposa

Project, LLC), 514 B.R. 10, 16 (B.A.P. 9th Cir. 2014).  "Before a federal court

may exercise personal jurisdiction over a defendant, the procedural requirement of

service of summons must be satisfied."  Omni Capital Int'l, Ltd. v. Rudolf Wolff &

Co., 484 U.S. 97, 104 (1987).

    This Court acknowledges that: "In the vast majority of cases, it is beyond

dispute that the bankruptcy court has personal jurisdiction over any creditor whose

proof of claim has been objected to because the creditor consents to the bankruptcy

court's personal jurisdiction by filing a proof of claim."  In re 701 Mariposa

Project, LLC, 514 B.R. at 16–17.  That is not the case here, however, because the

United States is a required party in this contested matter.  As the United States

points out: It is a "well-settled principle that the IRS cannot sue and be sued and

12

that the proper party in actions involving federal taxes is the United States of

America." <u>United States v. Oxylance Corp.</u>, 115 B.R. 380, 381 (N.D. Ga. 1990)

(citing <u>Blackmar v. Guerre</u>, 342 U.S. 512, 514 (1952)).

> Thus,

> [W]hen a party seeks relief against the IRS through an adversary or
> contested matter, the United States is the real party in interest and must
> be properly served . . . . [N]otice to the IRS . . . does not cure the
> jurisdictional defect.  If proper service is not effectuated, personal
> jurisdiction over the United States is lacking, and any judgment entered
> prior to proper service is void.  Furthermore, if the judgment or order
> complained of is void, relief under Fed. R. Civ. P. 60(b)(4) is
> mandatory.

<u>United States v. Sousa</u> (<u>In re Sousa</u>), 2001 WL 933595, at *1–2 (B.A.P. 1st Cir.

July 19, 2001) (internal quotation marks omitted) (citations omitted) ("[T]he

bankruptcy court erred in refusing to grant the United States' motion for

reconsideration of her order allowing the debtor's objection to claim, where the

debtor admits he did not properly serve the United States . . . .").

Here, Debtor did not properly serve the United States.  Debtor provided

"notice" to the IRS—which was not sufficient.  Thus, the Court did not have

jurisdiction over the United States when it filed its March 17, 2017 order

sustaining Debtor's objection.  The order is therefore void and Court must vacate it

under Federal Rule of Civil Procedure 60(b)(4).  <u>Kocher v. Dow Chem. Co.</u>, 132

F.3d 1225, 1229 (8th Cir. 1997) ("[R]elief from void judgments is not

discretionary.").

13

Finally, because the Court resolves the matter here on a purely legal basis no evidence or discovery is necessary.  Accordingly, Debtor's Motion to Reopen Record and Allow Discovery is moot.

## CONCLUSION

**WHEREFORE,** the United States' Motion to Vacate the Order Sustaining Debtor's Objection to IRS Proof of Claim No. 2 is GRANTED.

**FURTHER**, Debtor's Motion to Reopen Record and Allow Discovery is DENIED AS MOOT.

Dated and Entered:

February 8, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE