# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: | ) |
| | )  Chapter 7 |
| ANTONY J. NICOLAUS, | ) |
| | )  Bankruptcy No. 15-01757 |
| Debtor. | ) |

## RULING ON APPLICATION FOR COMPENSATION

This matter came before the Court by telephonic hearing on November 20, 2020.  Abram V. Carls appeared for Debtor Anthony J. Nicolaus ("Debtor"). Jordan D. Howlette appeared for the United States of America ("United States") on behalf of the Internal Revenue Service ("IRS").  The Court took the matter under advisement on the papers submitted.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

Debtor filed the underlying Chapter 7 on December 30, 2015.  On February 11, 2016, the IRS filed a proof of claim for certain trust fund recovery penalties assessed against the Debtor. (Claim No. 2).  On January 26, 2017, Debtor filed an objection to the claim, seeking both a determination that he did not owe the tax and an order disallowing the claim. (ECF Doc. 91).  Debtor mailed a copy of his objection and a revised notice to the IRS in Cedar Rapids, Iowa and Philadelphia,

Pennsylvania. (ECF Doc. 96). The IRS did not respond. This Court sustained Debtor's unrefuted objection to the IRS's proof of claim and Debtor was granted a general discharge. (ECF Docs. 97, 105).

On December 21, 2017, the United States—on behalf of the IRS—moved to vacate the order sustaining Debtor's objection, arguing that the order was void for lack of personal jurisdiction. The IRS argued Debtor failed to serve his objection on the United States in the manner required under Rules 9014 and 7004 of the Federal Rules of Bankruptcy Procedure. (ECF Doc. 113). Debtor opposed the motion, arguing that the notices were sufficient under Rule 3007. (ECF Doc. 118). This Court agreed with the IRS and vacated its prior order sustaining Debtor's objection on February 8, 2018. (ECF Doc. 135).

Debtor appealed. The District Court affirmed the decision on January 4, 2018. Debtor again appealed, this time to the Eighth Circuit Court of Appeals. On July 6, 2020, the Eighth Circuit reversed and remanded the case to reinstate this Court's original order sustaining Debtor's objection to the IRS's proof of claim. <u>Nicolaus v. United States</u> (In re Nicolaus), 963 F.3d 839 (8th Cir. 2020).

On September 22, 2020, Debtor filed an Application for Award of Fees and Other Expenses seeking $39,206.75 from the United States under 26 U.S.C. § 7430. Debtor argues that he is the prevailing party and that the United States' position throughout the litigation was not substantially justified. The United States

2

resisted, arguing that its litigation position has been substantially justified throughout the case. For the reasons set forth below, this Court finds that the United States' litigation position was substantially justified.

## DISCUSSION

### I.  Fee Awards Under 26 U.S.C. § 7430

Subject to certain limitations, section 7430 of the Internal Revenue Code authorizes the award of reasonable administrative and litigation costs incurred by the prevailing party "[i]n any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest or penalty under this title." 26 U.S.C. § 7430(a)(2). The prevailing party is the party who: "(I) has substantially prevailed with respect to the amount in controversy, or (II) has substantially prevailed with respect to the most significant issue or set of issues presented." 26 U.S.C. § 7430(c)(4)(A)(i). However, "[a] party shall not be treated as the prevailing party in a proceeding…if the United States establishes that the position of the United States in the proceeding was substantially justified." Ctr. For Family Med. v. United States, 614 F.3d 937, 941 (8th Cir. 2010) (quoting 26 U.S.C. § 7430(c)(4)(B)(i)).

Substantially justified means "justified to a degree that could satisfy a reasonable person." Bale Chevrolet Co. v. United States, 620 F.3d 868, 872 (8th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988). "A

3

substantially justified position need not be correct so long as 'a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Bah v. Cangemi, 548 F.3d 680, 683-84 (8th Cir. 2008) (quoting Pierce, 487 U.S. at 566); see also Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir. 1987) (holding that the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct."). "The government may also be justified in litigating a legal question that is unsettled in [the] circuit." Bah, 548 F.3d at 684. The United States bears the burden of showing that its position was substantially justified. 26 U.S.C. § 7430(c)(4)(B)(i) ("[a] party shall not be treated as the prevailing party in a proceeding…**if the United States establishes** that the position of the United States in the proceeding was substantially justified") (emphasis added).

Debtor argues that the United States' litigation position was not substantially justified because the United States brought a personal jurisdiction challenge after submitting itself to this Court's jurisdiction by filing its proof of claim. See, e.g., Wiswall v. Campbell, 93 U.S. 347, 351 (1876) ("A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences"); Gardner v. State of N.J., 329 U.S. 565, 573 (1947) ("[H]e who invokes the aide of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that

4

procedure"); United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 275 (2010) ("[Creditor] filed a proof of claim regarding [Debtor's] student loan debt, thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim").

In addition, Debtor argues that the IRS engaged in a "bait-and-switch" of sorts by instructing Debtor to deliver notices to the address listed in its proof of claim, and then challenging the sufficiency of the notice.  Debtor asserts that the IRS cannot be substantially justified where it tells debtors to send notice to one location only to show up in court and tell them that the notice was insufficient. See, e.g., Ripley v. Comm'r, 135 F.3d 770 (4th Cir. 1998) ("The IRS cannot be substantially justified in ignoring the plain language of its own forms").

The United States argues its position was substantially justified at all times in the litigation process.  The United States argues that although it lost on appeal to the Eighth Circuit, losing on appeal does not mean its litigation position was not substantially justified. United States v. Parker, 2015 U.S. Dist. LEXIS 181812, at *5 (S.D. Cal. Apr. 23, 2015) (citing Pierce, 487 U.S. at 569).  The United States points out several court cases—including a ruling from this Court, the District Court, and several other bankruptcy courts—that held that the previous version of Rule 3007 of the Federal Rules of Bankruptcy Procedure required Debtor to comply with Rule 7004 and serve the United States Attorney General and United States Attorney for the Northern District of Iowa. See, e.g., In re Monk, 2013 WL

5

4051864, at *3 (Bankr. D. Or. Aug. 9, 2013) (noting that a claim objection initiated by an objection rather than a motion does not remove the matter from the service requirements of Rule 9014(b)); In re Gordon, 2013 WL 1163773, at *2 (Bankr. D. Nev. Mar. 20, 2013) (noting that Bankruptcy Rules 3007, 9014, and 7004 set forth the procedures which must be complied with when objection to a proof of claim); In re Schweitzer, 145 B.R. 292-93 (E.D. Ark. 1993) (providing that a debtor's objection to a claim initiates a contested matter under Bankruptcy Rule 9014, making Bankruptcy Rule 7004 applicable to the manner of service). The fact that the Eighth Circuit ruled the other way does not mean the United States was not substantially justified in relying on these cases in making its argument to the Eighth Circuit. The Eighth Circuit had never ruled on this issue.

This Court cannot simply award fees based on a post hoc analysis that concludes Debtor should prevail because the United States did not ultimately win at the Eighth Circuit. The law is clear that its litigation position must have been without substantial justification. Pierce, 487 U.S. at 565 ("the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified"). On the record, the Court cannot make such a finding. While the Eighth Circuit ultimately ruled against the United States in finding that service was sufficient under Rule 3007, the question presented

6

involved a lack of controlling case law in this Circuit, as well as a lack of consensus among the other courts that have addressed it.

First, as discussed in more detail below, Debtor's <u>Espinosa</u> argument did not ultimately "prevail" with the Eighth Circuit. The Eighth Circuit declined to address it. The only two courts that did address it—this Court and the United States District Court—found in favor of the United States on the argument. Debtor is essentially arguing that the United States was not substantially justified on an argument it won in two courts and that was not addressed by the third. Debtor nevertheless seems to believe that he necessarily wins on the merits of that argument. This is not the case. It remains an open issue.

Debtor's continued reliance on <u>Espinosa</u> is misplaced. Debtor argues that under <u>Espinosa</u>, the United States submitted itself to this Court's jurisdiction when the IRS filed its proof of claim. Debtor believes that under <u>Espinosa</u>, the action of the IRS necessarily waived personal jurisdiction and therefore the United States' subsequent pursuit of a personal jurisdiction challenge precludes its current claim of substantial justification. That argument was dispatched by this Court and the District Court on appeal:

> <u>Espinosa</u> stands for the limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution—even if the plan violates the Bankruptcy Code in some particulars. Here, unlike in <u>Espinosa</u>, the government sought vacation of the Bankruptcy Court's March 17, 2017

>Order sustaining Debtor's objection the IRS's proof of claim on the basis of a jurisdictional defect, debtor's failure to properly serve the United States.

Nicolaus v. United States, 2019 U.S. Dist. LEXIS 994, at *16-17 (N.D. Iowa Jan. 3, 2019) (internal quotation marks omitted) (citations omitted) rev'd In re Nicolaus, 963 F.3d 839 (8th Cir. 2020).

Debtor does not account for the fact the United States argues it is the real party in interest—not the IRS—and thus the United States is excluded from the general rule regarding the consequences of filing a proof of claim. Id.  This Court and others have accepted the argument: "[T]he [C]ourt finds that the IRS's submission of a proof of claim in this case did not establish jurisdiction because the United States is the real party in interest in a contested matter involving the IRS." Id.

Given the undeveloped Eighth Circuit authority on the issue and the existence of case law from other circuits supporting its position, this Court finds that the United States' argument to vacate this Court's prior order had a reasonable basis in both law and fact—even if the United States ultimately lost on appeal on a separate, but dispositive issue.  As a consequence, the Court finds that the United States' position was substantially justified within the meaning of § 7430. Bah, 548 F.3d at 683-84 ("A substantially justified position need not be correct so long as a

8

reasonable person could think it correct, that is, if it has a reasonable basis in both law and fact") (citation omitted).

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that Debtor's Application for Award of Fees and Other Expenses is **DENIED**.

Dated and Entered:

March 10, 2021

_____
THAD J. COLLINS,
CHIEF BANKRUPTCY JUDGE